IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINA MILES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | No. 17 C 676 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Regina Miles's ("Plaintiff") claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's memorandum, which this Court will construe as a motion for summary judgment [Doc. No. 17], is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

## BACKGROUND

**PROCEDURAL HISTORY**

On December 12, 2012, Plaintiff filed claims for both DIB and SSI, alleging disability since November 21, 2011, due to lupus, heart disease, kidney disease, high blood pressure, arthritis, and thyroid conditions. (R. 171–78, 195.) Her claims

were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). (R. 80–121, 124–25.) An administrative hearing was held on September 9, 2014, at which Plaintiff personally appeared and testified at the hearing and was represented by counsel. (R. 35–79.) Vocational expert Richard Hamersma also testified (*Id.*)

On October 27, 2014, the ALJ issued an unfavorable decision, finding Plaintiff not disabled under the Social Security Act. (R. 17–34.) After noting that Plaintiff met the insured status requirements through December 31, 2016, the ALJ proceeded through the five-step sequential evaluation process required by Social Security Regulations. *See* 20 C.F.R. § 404.1520 and 416.902(a). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 22, 2102, the amended alleged onset date. (R. 22.) At step two, the ALJ determined that Plaintiff had the following severe impairments: incomplete lupus, morbid obesity, hypertension, anemia, and uveitis. (*Id.*) The ALJ concluded at step three that the impairments, alone or in combination, did not meet or medically equal the severity of a listed impairment. *See* C.F.R. Par 404, Subpt. P, App. 1; (R. 23.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, subject to the following limitations: she can lift or carry twenty pounds only rarely, which the ALJ defines as no more than ten percent of the workday, but can lift or carry up to fifteen pounds frequently; can stand or walk about four hours in an eight-hour workday and sit for about four hours, with normal breaks; can never climb ladders, ropes, or scaffolds; and requires

2

a cane for prolonged ambulation. (*Id.*) At step four, the ALJ concluded that Plaintiff was able to perform her past relevant work as a check clerk (at a bank) and as a storage facility clerk. (R. 29.)

The Social Security Administration Appeals Council then denied Plaintiff's request for review on February 23, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); (R. 8–14.)

## DISCUSSION

### I. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th

3

Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## II. ANALYSIS

Plaintiff argues that the ALJ's decision warrants remand because he: (1) erred in rejecting medical source opinions; (2) improperly weighed state agency medical opinions where the record was incomplete; and (3) improperly assessed her subjective symptom allegations. For the reasons that follow, the Court finds that remand is appropriate.

### A. Subjective Symptom Allegations

First, Plaintiff argues that the ALJ improperly assessed her subjective symptom statements and credibility.[1] An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder*, 529 F.3d at 413 (holding that in assessing the credibility finding, courts do not review the medical evidence de novo but "merely examine whether the ALJ's determination was reasoned and supported"). An ALJ must give specific reasons for discrediting a

---

[1] In 2016, the Commissioner rescinded SSR 96-7p, 1996 SSR LEXIS 4 and issued SSR 16-3p, 2016 SSR LEXIS 4, eliminating the use of the term "credibility" from the symptom evaluation process, but clarifying that the factors to be weighed in that process remain the same. *See* SSR 16-3p, 2016 WL 1119029, at *1, *7 (March 16, 2016). The ruling makes clear that ALJs "aren't in the business of impeaching claimants' character," but does not alter their duty to "assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original). However, the SSA recently clarified that SSR 16-3p. 2016 SSR LEXIS 4 only applies when ALJs "make determinations on or after March 28, 2016," and that SSR 96-7p, 1996 SSR LEXIS 4 governs cases decided before the aforementioned date. *See* Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017). The ALJ issued his opinion on October 27, 2014. (R. 57.) Therefore, the ALJ properly applied SSR 96-7p, 1996 SSR LEXIS 4. Nonetheless, SSR 16-3p will apply on remand. *See* Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017).

5

claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887-88); see SSR 96-7p, 1996 SSR LEXIS 4 at *4, 1996 WL 374186, at *4 (S.S.A. 1996).

The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005). When evaluating a claimant's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions." *Scheck*, 357 F.3d at 703; *see also* SSR 96-7p, 1996 SSR LEXIS 4 at *8, [WL] at *3. An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

Plaintiff argues that the ALJ's opinion warrants remand because the ALJ failed to assess what impact the side effects of her medications—drowsiness and fatigue—would have on her ability to work. *See Flores v. Massanari*, 19 Fed. Appx. 393, 399 (7th Cir. 2001) ("The side effects of medication can significantly affect an individual's ability to work and therefore should figure in the disability determination process.") At her evidentiary hearing, Plaintiff testified that her medications caused her to feel "drowsy" and "extremely exhausted" when walking or

6

going down stairs. (R. 68.) She also testified that her exhaustion led to an increase in the amount of naps she needed to take per day, which could last around seventy-five minutes each. (R. 68–69.) When evaluating Plaintiff's credibility, the ALJ did not address the impact that these side effects may have on her ability to perform work. This analysis was especially critical because the vocational expert testified that a limitation where Plaintiff would need to lie down one time per day for seventy-five minutes would preclude competitive employment. (R. 77.)

The Commissioner argues that the ALJ did not need to evaluate the side effects of Plaintiff's medication because the only evidence Plaintiff cites to in support of her limitations is her own testimony. To the contrary, "[a]n ALJ cannot conclude that a claimant's medication produces no side effects based on a claimant's failure to report the side effects to their physician." *Dante v. Colvin*, 2013 WL 4442037, at * 12 (N.D. Ill. Aug. 16, 2013) (noting a lack of medical records "do[es] not prove that [the claimant] never experienced any side effects, only that he failed to report them"). An ALJ still must discuss and consider Plaintiff's subjective statements regarding medications side effects, even if he were to ultimately decide they undercut Plaintiff's credibility. Because the ALJ failed to address Plaintiff's side effects, it is difficult for the Court to assess whether those side effects might change the ALJ's assessment as to her overall physical capacity. *See Zurawski*, 245 F.3d at 887 (requiring an ALJ to build a logical and accurate bridge between the evidence and his conclusion).

Moreover, the ALJ's credibility determination was not otherwise supported by the factors other required by SSR 96–7p. That the ALJ failed to assess to what extent, if any, Plaintiff's diminished ability to perform activities of daily living had on her credibility. For example, Plaintiff relied on help cooking, cleaning, grocery shopping, and doing laundry. She also needed to wear sunglasses or stay indoors during eye flare-ups.

Finally, Plaintiff claims the ALJ impermissibly discounted her credibility because she continued to work after her alleged date of onset. However, "[t]here is a significant difference between being able to work a few hours a week and having the capacity to work full time. *See Larson v. Astrue,* 615 F.3d 744, 752 (7th Cir. 2010); SSR 96-8p, 1996 WL 374184, at *1; *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 648 (7th Cir. 2007); *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004). The ALJ also fails to mention that Plaintiff's only work after her alleged onset date lasted for less than a year, was part time, and was out of her own home. Plaintiff watched school-aged children (no more than three at a time with some being relatives) in her own home for a few hours after school, doing nothing more than helping with homework and feeding them a light snack. (R. 48–49, 51). The ALJ failed to equate how this small amount of part time work undermined Plaintiff's subjective complaints or otherwise showed that Plaintiff was capable of full time work.

For the foregoing reasons, the Court finds that the ALJ's credibility determination was not supported by substantial evidence.

8

### B. Development of the Record

Next, Plaintiff argues that the ALJ failed to fully develop the record because he gave significant weight to the two state agency physicians' opinions when neither had access to her evidence of record dated after September 6, 2013. Plaintiff's record contains several pieces of evidence following this date, including an emergency room visit, a chest CT scan, doctor notes, and a treating source medical statement. On September 7, 2013, Plaintiff presented to the emergency room, complaining of chest pain and dizziness. While there, she underwent a CT which revealed that her heart was enlarged, that she had a hiatal hernia, possible pulmonary arterial hypertension, and there were degenerative changes of the thoracic spine. (R. 605.) Following the CT scan, Plaintiff's renal specialist strongly recommended that she be fully anticoagulated on a lifelong basis due to her history of pulmonary embolism and lupus. (R. 617.)

Where there is new and potentially decisive evidence, the ALJ must submit it to medical scrutiny. *See Goins v. Colvin,* 764 F.3d 677, 680 (7th Cir. 2014) (finding an ALJ's failure to submit an MRI to medical scrutiny was enough for remand, as it was new and potentially decisive medical evidence.) While the CT may have no impact on the ALJ's disability determination with respect to Plaintiff, an ALJ cannot "play doctor" and determine on his own that new evidence does not indicate a worsening or new condition. *See Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)( ("ALJs must not succumb to the temptation to play doctor and make their own independent

9

medical findings."), *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) (stating "ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves.").

The Commissioner responds by arguing that there will always be a lapse between the consultant's report and the ALJ hearing and decision, yet ALJs are permitted to rely on their findings. The Court does not quibble with this finding. Rather, the Court is merely saying that an ALJ "must consider the entire record, including all relevant medical and nonmedical evidence." *Murphy v. Astrue*, 454 F. App'x 514, 518 (7th Cir. 2012).

**C. Remaining Arguments**

The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d at 678 ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions."); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994). The Commissioner should not assume that any other claimed errors not discussed in this Order have been adjudicated in her favor. On remand, the Commissioner therefore must carefully articulate her findings as to every step.

# CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                    **ENTERED:**

**DATE:    July 27, 2018**         _____
                                   **HON. MARIA VALDEZ**
                                   **United States Magistrate Judge**